UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| JEFFREY RILEY,<br><br>  Plaintiff,<br><br>- vs -<br><br>CITY OF WATERTOWN,<br><br>  Defendant. | CIV. 20-1011<br><br><br>**COMPLAINT** |

In this civil action, Plaintiff Jeffrey Riley ("Plaintiff") brings this action against Defendant City of Watertown ("Defendant") for damages and other related relief based upon Defendant's violation of the Fair Labor Standards Act, 29 U.S.C., § 201, et seq.

### PRELIMINARY STATEMENT

1. Defendant's willful and systematic failure to pay Plaintiff for all of his compensatory time earned by Defendant was in direct violation of the Fair Labor Standards Act ("FLSA").

2. Plaintiff worked for the Watertown, South Dakota Street Department from October, 1993 until June 18, 2018.  He became a foreman in 2005.

3. Plaintiff was improperly classified by Defendant as an exempt employee and denied compensatory time earned.

### JURISDICTION AND VENUE

4. This Court has original jurisdiction in Count I under 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the FLSA, 29 U.S.C. § 201 et seq.

5. This court also has supplemental jurisdiction of Count II.  28 U.S.C.A. § 1367.

6. Venue in this Court is appropriate as the various acts complained of occurred, and the Defendant is located, within the Northern Division of the District of South Dakota, and more specifically within the County of Codington, South Dakota.

7. No other action, civil or criminal, is pending in any state court involving the Plaintiff regarding the activities and events at issue here.

## PARTIES

8. Plaintiff is a resident of the State of South Dakota and is retired. Plaintiff previously was employed by the City of Watertown for 25 years.

9. Plaintiff is a former "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e).

10. Defendant City of Watertown is a municipality located within Codington County, South Dakota.

## FACTUAL ALLEGATIONS

11. Plaintiff incorporates by reference the facts and allegations in the preceding paragraphs.

12. Plaintiff began working for Defendant in the Watertown Street Department in October 1993. In April 2005, he became a foreman of the department. The foreman reported to the Street Department Superintendent. For most of those years, there were 11 other employees who received some supervision by Plaintiff. Before becoming a working foreman, Plaintiff was paid for overtime; after his promotion, he was not. His position required hours of extra work on many days, which earned him compensatory time.

13. Plaintiff's working foreman daily duties and responsibilities included many of the same tasks he had performed when he was a Street Maintenance Worker II. As a working foreman, he was regularly running machinery, doing snow removal, fencing, litter pick-up,

measuring chipseals and overlays, and some office work.  Plaintiff ran equipment at all times of the year, which is not exempt work.

14. Plaintiff was classified as an "exempt" employee, and therefore determined to be not entitled to overtime, and compensatory time only on an hour-for-hour basis. The Watertown Personnel Policy and Procedure Manual provided for both "exempt compensatory time" (§802) and "non-exempt compensatory time" (§803). Plaintiff, however, accumulated over 1,750 hours of compensatory time, was not paid for these additional hours, and was not allowed to use the hours.

15. The Street Superintendent was Mike Rye until February 2014, at which time Rob Benyon became Street Superintendent.

16. Mr. Benyon would not allow Plaintiff to use his compensatory time that he earned, even that which had been previously accumulated before Mr. Benyon had become Superintendent.  Mr. Benyon told Plaintiff he could only take time off by using vacation time. He also stated to Plaintiff that he "couldn't afford to have you out" for the amount of vacation time he had accumulated, much less for any compensatory time that he earned. Furthermore, Mr. Beynon told Plaintiff "your job is to do whatever I tell you to do."

17. Mr. Benyon told Plaintiff to forget about ever taking compensatory time to which he was entitled.  This was a continuing course of conduct until Jeff Riley retired from the City of Watertown and its Street Department on June 18, 2018.

## CAUSES OF ACTION

### Count I:
### Violation of Section 206/207 of the FLSA- Misclassification and Deprivation of Pay for Hours Worked/Overtime to Non-Exempt Employee.

18. Plaintiff incorporates by reference the facts and allegations in the preceding paragraphs.

19. The FLSA, 29 U.S.C § 206-207, requires employers to pay their non-exempt employees, on an hourly basis, for all hours worked in excess of forty per workweek at a rate not less than one and one-half times their regular hourly rate of pay.

20. Plaintiff was not an exempt employee under either the executive or administrative assistant exemptions.

21. Plaintiff was not employed in a bona fide executive capacity under 29 CFR § 541.100(a):

> (a) The term *employee employed in a bona fide executive \* \* \* capacity* in section 13(a)(1) of the Act shall mean any employee:
> …
> (2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
> …
> (4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

22. Plaintiff was not employed in a bona fide administrative capacity under 29 CFR § 541.200:

> (a) The term "employee employed in a bona fide administrative capacity" in section 13(a)(1) of the Act shall mean any employee:
> …
> (2) Whose primary duty is the performance of office or non-manual work directly related to the management or general

        business operations of the employer or the employer's customers; and

        (3) Whose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

23. Based on Plaintiff's primary duties and responsibilities, Plaintiff was misclassified as exempt under the FLSA. Defendant regularly required Plaintiff to work overtime for off-the-clock work more than forty hours in a work week.

24. As a misclassified exempt employee, Plaintiff was not compensated for his overtime, and therefore earned compensatory time, computed by the City only on an hour-for-hour basis, but was not allowed to use it.

25. Plaintiff did not manage the Watertown Street Department; the Superintendent did. The Street Department did not, during Plaintiff's period of employment, have any customarily recognized department or subdivision which was managed by Plaintiff. 29 C.F.R. §541.100(a).

26. Plaintiff's primary duties did not consist of the performance of office or non-manual work directly related to the management or general business of the Watertown Street Department. 29 C.F.R. §541.201(a).

27. Plaintiff's primary duties did not require him to exercise discretion and independent judgment with respect to matters of significance. 29 C.F.R. §541.202(a).

28. Defendant purposefully engaged in a pattern of violating the FLSA laws by failing and refusing to pay Plaintiff for all compensatory time hours earned.

29. Defendant was fully aware of Plaintiff not being fully paid for all hours worked and directly advised Plaintiff he would not be paid for such time.

30. Plaintiff's superiors closely monitored, scheduled, directed, and maintained close oversight over Plaintiff, his hours worked, timesheets, and his work schedules.

31. The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees, such as Plaintiff, on an hourly basis at a regular rate of compensation for all hours worked as well as at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek. Defendant failed to do so during the course of Plaintiff's employment with Defendant, as a working foreman.

32. Defendant's actions of not paying Plaintiff for all work-related activities was willful and constitutes a violation of the FLSA within the meaning of 29 U.S.C. § 255.

33. Defendant has violated Plaintiff's rights as an employee under the FLSA, 29 U.S.C. § 201 et seq., which caused significant monetary damage to Plaintiff.

34. Despite over 1,750 hours of compensatory time earned by Plaintiff, Defendant willfully, in bad faith, and in a knowing or reckless violation of the FLSA, failed and refused to pay Plaintiff the appropriate compensatory time, in lieu of time off, for all hours worked in excess of a forty hours per week.

35. Plaintiff's final rate of pay was $29.32, so his total compensation due was $51,310.00, multiplied by 1.5, or $76,965.00.

36. Plaintiff is entitled to an award of damages for all unpaid compensatory wages earned, liquidated damages, prejudgment interest, attorneys' fees and costs incurred in connection with this claim, and any other damage allowed by the law.

## Count II:
### Breach of Contractual Obligations Under the Watertown Personnel Policies

37. Plaintiff incorporates by reference the facts and allegations in the preceding paragraphs.

38. Section 8.02 of the Watertown Personnel Policy Manual addresses "Exempt Compensatory Time" and section 8.03 addresses "Overtime and Non-Exempt Compensatory Time".

39. Personnel Policy Manual Section 8.03 states, in part:

> Non-exempt compensatory time may be accumulated to no more than 240 hours (480 for firefighter, and 200 for police). The accumulated balance of non-exempt compensatory time remaining at the time employment is terminated is to be cashed out at the employee's final rate of pay. The City reserves the right to pay cash, at any time, for all or any portion of a non-exempt employee's compensatory time balance. In such a case, for all or any portion of non-exempt employee's compensatory time balance. In such a case the employee will be paid at the regular rate earned at that time.

40. Plaintiff was misclassified as an exempt employee.

41. The Policy Manual provisions describing both exempt compensatory time and non-exempt compensatory time created enforceable contractual obligations granting benefits that the employees accepted by taking and continuing employment with the City.  These policies did not provide for the categorical refusal to allow Plaintiff to use compensatory time.

42. Plaintiff is entitled to receive proper compensation for all compensatory time earned while employed by Defendant, and is not limited to the 240 hours stated in the Personnel Policy Manual.

43. Defendant violated the Policy Manual by failing and refusing to pay Plaintiff all compensatory wages that Plaintiff is entitled to.

44. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered a loss of income and other damages.

45. Plaintiff is entitled to damages for all unpaid compensatory time, liquidated damages, prejudgment interest, attorneys' fees and costs incurred in connection with this claim, and any other damage allowed by the law.

46. Plaintiff's final rate of pay was $29.32, so he is, at a minimum, entitled to payment of $76,965.00 of unpaid compensatory time.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

1. Judgment against Defendant, finding that it failed to pay for all hours worked and compensatory time earned by Plaintiff in violation of the FLSA;

2. Judgment against Defendant for an amount equal to Plaintiff's unpaid compensatory wages earned;

3. A finding that Defendant's violation of the FLSA was willful;

4. An award of liquidated damages to Plaintiff pursuant to 29 U.S.C. § 260;

5. An award of prejudgment interest to the Plaintiff to the extent liquidated damages are not awarded;

6. An award of attorneys' fees and costs incurred by Plaintiff in pursuing this action pursuant to 29 U.S.C. § 216; and

7. All further relief as the Court deems just and equitable.

Dated this 12th day of June, 2020.

HAGEN, WILKA & ARCHER, LLP

By *Thomas K Wilka*
Thomas K. Wilka
Sara E. Schroeder
600 S. Main Avenue, Suite 102
P.O. Box 964
Sioux Falls, SD  57101-0964
Attorneys for Plaintiff

JS 44 (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JEFFREY RILEY

## DEFENDANTS
CITY OF WATERTOWN

**(b)** County of Residence of First Listed Plaintiff   Codington, SD
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Codington, SD
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Thomas K. Wilka, Hagen, Wilka & Archer, 600 S. Main Avenue, Suite 102, Sioux Falls, SD 57104

Attorneys *(If Known)*
Lisa Marso, Boyce Law Firm, 300 S. Main Avenue, Sioux Falls, SD 57104

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |
| | / ☐ 550 Civil Rights | | | |
| | ☐ 448 Education / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. Section 201 et. seq.

Brief description of cause:
Refusal to pay compensatory time.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 76,965.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 06/12/2020

SIGNATURE OF ATTORNEY OF RECORD: *Thomas K Wilka*

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE